David BRADY, Petitioner,

v.

Joseph PONTE, Respondent.

Civ. A. No. 88–439–H.

United States District Court,
D. Massachusetts.

Dec. 22, 1988.

---

**12.** *See Carducci v. Regan,* 714 F.2d 171 (D.C.Cir.     1983).

David Brady, Gardner, Mass., pro se.

Judy G. Zeprun, Paula J. DeGiacomo, Asst. Attys. Gen., Crim. Bureau, Boston, Mass., for Joseph Ponte.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

Petitioner David Brady invokes the Court's jurisdiction under 28 U.S.C. § 2241 and petitions for a writ of habeas corpus. Respondent Joseph Ponte opposes the petition on the grounds that, *inter alia*, petitioner has not exhausted his state court remedies and has waived his claims by procedural default. The Court holds that petitioner has exhausted his state court remedies, and that petitioner has not waived his claims. Accordingly, the Court requests [1] that an attorney be appointed to brief the merits of petitioner's claim. The Court is concerned with the voluntariness of petitioner's incriminating statements made to the police, and, more specifically, whether Attorney Henchey's failure to call Father Butler and Attorney Follen as witnesses on voir dire and/or at trial to establish petitioner's intoxication constituted unreasonably deficient assistance, and, if so, whether petitioner thereby suffered "prejudice" as the term is used in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## I. BACKGROUND [2]

On April 25, 1970, petitioner was convicted of first-degree murder and sentenced to life imprisonment. On March 21, 1977, he filed with the Supreme Judicial Court a *pro se* petition for a writ of error, in which he alleged that his trial counsel's failure to file an appeal or to inform him of *pro se*

appellate procedures constituted ineffective assistance of counsel. The petition was stayed pending hearing on a motion for a new trial, filed in Superior Court by an appointed attorney. The motion, consisting of the writ's allegations and other allegations regarding the effectiveness of trial counsel, was denied on December 22, 1978, and petitioner's right to appeal was reinstated. Petitioner did appeal, and the Supreme Judicial Court affirmed. *See Commonwealth v. Brady*, 380 Mass. 44, 410 N.E.2d 695 (1980). The instant petition was filed on February 14, 1988, and asserts the sole ground that petitioner was denied effective assistance of counsel.

## II. DISCUSSION

### 1. *Exhaustion*

The exhaustion requirement is set forth at 28 U.S.C. § 2254, which provides that a writ "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b). Respondent observes that petitioner failed explicitly to reveal in his appeal to the Supreme Judicial Court that he was claiming a violation of the Sixth Amendment. He has therefore failed to exhaust his state court remedies, respondent argues, since he did not explicitly identify his claim as federal.

The Court disagrees. Petitioner's brief to the Supreme Judicial Court stated that he received "ineffective assistance of counsel." The Second Circuit has squarely held that such a presentation in state court identifies the federal nature of the claim sufficiently to satisfy the exhaustion requirement: "[w]hile [petitioner's] new counsel did not expressly cite the Constitution or cite any authorities in support of these claims, the mention of 'effective assistance of counsel' instantly calls to mind the Sixth Amendment's guaranty of the accused's right 'to have the Assistance of Counsel for

---

1. *See* 28 U.S.C. § 1915(d) ("The court may request an attorney to represent any such person unable to employ counsel ...").

2. The procedural history detailed below is gleaned from respondent's Memorandum in Opposition to Petition for Writ of Habeas Corpus and from the opinion of the Supreme Judicial

Court in *Commonwealth v. Brady*, 380 Mass. 44, 410 N.E.2d 695 (1980). Facts which a jury could have found to support its verdict are set forth at pages 46–48, 410 N.E.2d 695 of the Supreme Judicial Court's opinion, and need not be repeated here.

his defence.'" *Twitty v. Smith*, 614 F.2d 325, 332 (2d Cir.1979).[3] The First Circuit has also so held, albeit indirectly; "a petitioner may satisfy the exhaustion requirement by any of the following methods: ... (4) claiming a particular right specifically guaranteed by the Constitution." *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir.1987); *see also Daye*, 696 F.2d at 194 (holding that a petitioner may satisfy the exhaustion requirement by "(c) assertion of the claim [in state court] in terms so particular as to call to mind a specific right protected by the Constitution"). Petitioner's use of the catchphrase "ineffective assistance of counsel" conforms to these guidelines and is therefore held sufficient.

Although use of the catchphrase alone would have been sufficient, petitioner's brief to the Supreme Judicial Court cited a case which discussed "whether 'assistance of counsel' had been provided within the meaning of the Sixth Amendment." *Commonwealth v. Adams*, 374 Mass. 722, 727, 375 N.E.2d 681 (1978), *cited at* p. 48 of Brief for the Defendant/Appellant on Appeal from Judgments of the Superior Court, Supreme Judicial Court No. 1855. Reliance on cases which contain the relevant constitutional analysis is sufficient, in and of itself, to apprise a state court of the federal nature of a claim and thereby satisfy the exhaustion requirement. *See Gagne v. Fair*, 835 F.2d at 8 (court explained its decision that petitioner had failed to exhaust his state court remedies by observing that "[t]he discussion [in petitioner's state court papers] contained no reference to constitutional provisions or rights or to any *state or federal* cases which rested on a constitutional ground") (emphasis supplied);[4] *Daye v. Attorney General of New York*, 696 F.2d at 194 (holding that a petitioner "may fairly present to the state courts the constitutional nature of his claim" by "(a) reliance on pertinent federal cases employing constitutional analysis, [or] (b) reliance on state cases employing constitutional analysis in like fact situations."[5]

### 2. Waiver

■ Respondent asks the Court to find petitioner's right to assert his claim on habeas waived for failure to comply with Massachusetts Rule of Appellate Procedure 16, which Rule provides that briefs shall contain "citations to the authorities, statutes and parts of the record relied on." In other words, respondent argues that

---

**3.** *Twitty v. Smith* was subsequently endorsed by the entire Second Circuit with only one judge dissenting;

> [T]he state court will be alerted to the constitutional nature of a claim if the defendant has claimed the deprivation of a particular right specifically protected by the Constitution. In *Twitty v. Smith, supra*, for example, the petitioner had claimed a violation of his right to "effective assistance of counsel." 614 F.2d at 332. We held this adequate to alert the state court to consider the Sixth Amendment's guaranty of the accused's right "to have the Assistance of Counsel for his defence."

*Daye v. Attorney General of New York*, 696 F.2d 186, 193 (2d Cir.1982) (en banc), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984).

**4.** Language appearing in *Dyer v. Ponte* appears to suggest that citation to caselaw containing the relevant constitutional analysis is sufficient to apprise a state court of the constitutional nature of the claim, so long as the cited decision is of a federal and not a state court. 749 F.2d 84, 86-7 (1st Cir.1984). The emphasized language from *Gagne*, however, seems to lay this distinction appropriately to rest. If a state court reads the cases cited to it, and the cases contain the relevant constitutional analysis, the court can not help but perceive the constitutional derivation of the claim. This is so regardless of whether the cases are reported in state or federal publications, absent some indication that the state court reads cited federal cases but not cited state cases.

**5.** The First Circuit did at one point reveal some reluctance to adopt fully the view of the Second Circuit expressed in its *en banc* opinion; "[a]lthough [petitioner's] express reference to the Fourteenth Amendment would seem to meet the exhaustion requirements spelled out in *Daye* ... we think counsel would be well advised in the future not to rely on a passing reference to a constitutional provision without supporting federal argument and without citations to federal authorities." *Dyer v. Ponte*, 749 F.2d at 86–87. *Daye* has been cited with approval by the First Circuit twice within the last year, however, suggesting that, whatever may have formerly been the view of the First Circuit, *Daye* currently states what is the law here as well. *See Lanigan v. Maloney*, 853 F.2d 40, 44 (1st Cir.1988); *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir.1987).

even if petitioner's failure to refer explicitly to the Sixth Amendment in his Supreme Judicial Court brief does not compel a finding of non-exhaustion, it nonetheless compels a finding of waiver. The Court has little doubt that respondent is correct in his view of the law, although the Court can see little reason in the result which such a view obtains. There is an internal inconsistency in holding that a claim *was* sufficiently presented in state court, thereby satisfying the exhaustion requirement, and then holding that the same claim *was not* sufficiently presented in state court, and is therefore waived. Such a holding would emerge, moreover, only in situations where, despite technical violations of state claimraising procedure, "everyone, including the judge, clearly understood" the nature of the claim. *Lanigan v. Maloney*, 853 F.2d 40, 44 (1st Cir.1988). One can conceive, for example, of a flawlessly argued claim of constitutional violation submitted on 8½ × 11 paper in a state which favors 8½ × 14. The comity concerns which underlie the waiver doctrine are clearly important; the Court opines only that a point must exist beyond which too small a procedural tail wags the large dog of federal habeas relief.

The opinion of the Supreme Judicial Court in *Commonwealth v. Brady* spares this Court the necessity of determining where that point lies. The *Brady* opinion contains citation to five cases in its discussion of the ineffective assistance of counsel claim, four of which explicitly invoke the guidance of federal constitutional law. *See Commonwealth v. Brady*, 380 Mass. 44, 55–56, 410 N.E.2d 695 (1980) (citing *Commonwealth v. Saferian*, 366 Mass. 89, 96, 315 N.E.2d 878 (1974); *Commonwealth v. Rondeau*, 378 Mass. 408, 410, 392 N.E.2d 1001 (1979); *Commonwealth v. Adams*, 374 Mass. 722, 727, 375 N.E.2d 681 (1978); and *Commonwealth v. LeBlanc*, 364 Mass. 1, 14, 299 N.E.2d 719 (1973)). If petitioner was in procedural default, the Supreme Judicial Court's "reliance upon federal rights, cases and legal principles in conducting its review," *Puleio v. Vose*, 830 F.2d 1197, 1200 (1st Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1297, 99 L.Ed.2d 506 (1988), was a sufficient cure therefor. In effect, the Supreme Judicial Court has "waived" petitioner's waiver. *Id.* at 1200.

Decision on the merits of petitioner's claim shall await presentation of petitioner's case by court-appointed counsel.